**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| OTOMIX INC, | ) | Case No. _______________ |
| Plaintiff, | ) | |
| v. | ) | |
| LESLIE KAI GREENE | ) | |
| Defendant. | ) | |

**COMPLAINT**

Comes now Otomix Inc. ("Otomix" or the "Plaintiff"), by and through undersigned counsel, and as and for its complaint (the "Complaint") against Leslie Kai Greene ("Mr. Green" or the "Defendant") states as follows:

**Parties**

1. Otomix is a corporation formed and existing pursuant to the laws of the State of Nevada, with its principal place of business in Henderson, Nevada.

2. The Defendant is a natural person residing in the United States whose professional affairs, as a bodybuilder, are managed by Dynamik Muscle, LLC, a Florida limited liability company with its principle place of business in Boca Raton, Florida ("Dynamik Muscle").

**Jurisdiction and Venue**

3. This Honorable Court has jurisdiction over the instant controversy pursuant to the allowances of Section 1331 of Title 28 of the United States Code, as this is an action arising under the laws of the United States.

4. This Honorable Court is a proper venue for the instant controversy pursuant to the allowances of Section 1392(b)(2) of Title 28 of the United States Code, as a substantial part of the events giving rise to this claim have occurred through the Defendant's management by Dynamik Muscle in Boca Raton, Florida.

**General Allegations: Existence of a Trademark**

5. Otomix is in the business of manufacturing and distributing athletic apparel, with a focus on apparel – including footwear – designed to be utilized in the "mat sports" niche.

6. The "mat sports" niche is inclusive of body building, wrestling, boxing, mixed martial arts, weight lifting, power lifting, fitness, and activities traditionally carried on, *inter alia*, in a gymnasium, ring, octagon, cage or other athletic venue featuring a canvass or matted floor.

7. As part of its business, Otomix has designed, manufactured, marketed, and sold an athletic shoe widely recognizable by its design which includes cross-stitching on the side and a wrap-around sole (the "Otomix Shoe").

8. The Otomix Shoe has been used by Otomix, in commerce, since 1994.

9. On July 26, 2016, Otomix registered a trademark (the "Registered Trademark") with the United States Patent and Trademark Office (the "PTO") for the Otomix Shoe, with the Registered Trademark being assigned serial number 86701585 and registration number 5009764.

10. The Registered Trademark is a "live" trademark and has been at all times since its registration.

**General Allegations: Ryderwear Infringement**

11. The Defendant is a bodybuilder who earns money professionally by, *inter alia*, wearing the apparel of companies whose products he endorses.

12. The Defendant actively endorses the apparel of an Australian company known as "Ryderwear" ("Ryderwear").

13. The precise legal name of Ryderwear is unknown to Otomix, nor is it clear if Ryderwear has filed the paperwork requisite to operate in any individual state in the United States or if it has formed one or more subsidiaries or other related companies for such purpose.

14. Ryderwear manufactures and sells a "Raptor" shoe (the "Raptor Shoe") which features cross-stitching on the side and a wrap-around sole, as well as a "D-MAK" shoe (the "D-MAK Shoe") which features a wrap-around sole.

15. The Defendant actively wears, markets and promotes the Raptor Shoe and the D-MAK Shoe.

16. Specifically, and without limitation, the Defendant utilizes social media accounts to instruct the public that he wears both the Raptor Shoe and the D-MAK Shoe, to project images of his wearing both the Raptor Shoe and the D-MAK Shoe, and to relay the identities of various merchants who sell both the Raptor Shoe and the D-MAK Shoe.

17. On March 31, 2017, Otomix, through its counsel, wrote to the Defendant, in the care of his agent at Dynamik Muscle, to notify the Defendant of the Registered Trademark, to advise the Defendant that both the Raptor Shoe and the D-MAK Shoe infringe upon the Registered Trademark, and to demand the Defendant cease and desist his utilization of the Raptor Shoe and the D-MAK Shoe in commerce (the "March 2017 Letter").

18. The Defendant has not ceased or desisted in his utilization of the Raptor Shoe and D-MAK Shoe in commerce since the time the March 2017 Letter was sent and, instead, continues to carry on with his infringing behavior.

**Count I – Violation of 15 U.S.C. § 1114**

19. Otomix repeats and reallages each of the foregoing paragraphs of this Complaint as thought fully set forth herein.

20. The Defendant has used the Raptor Shoe and the D-MAK Shoe in commerce, with each such shoe being a counterfeit and copy of the Otomix Shoe.

21. The Defendant's use of the Raptor Shoe and the D-MAK Shoe has been in connection with his own advertising of the subject footwear and carried out in a manner intended to induce sales of the subject footwear.

22. The Defendant's use of the Raptor Shoe and the D-MAK Shoe is likely to cause confusion, mistake or deception, as the subject footwear bears the hallmarks of the Otomix Shoe for which the Otomix Shoe is widely known and upon which the Otomix Shoe has the Registered Trademark.

WHEREFORE, Otomix Inc. respectfully prays this Honorable Court (i) enter judgment against the Defendant, and in favor of Otomix Inc., in an amount equal to three times all monies paid to the Defendant for his use, marketing, sale and/or promotion of the D-MAK Shoes and Raptor Shoes, pursuant to the allowances of Section 1117(a) and Section 1117(b) of Title 15 of the United States Code; (ii) enter judgment against the Defendant, and in favor of Otomix Inc., in the sum of Two Million Dollars and No Cents ($2,000,000.00), for the Defendant's willful infringement, pursuant to the allowances of Section 1117(c)(2) of Title 15 of the United States Code; (iii) enter judgment against the Defendant, and in favor of Otomix Inc., in an amount equal to the reasonable attorneys' fees and suit costs incurred by Otomix Inc. in connection with this action, pursuant to the allowances of Section 1117(a) of Title 15 of the United States Code; (iv) enjoin the Defendant from wearing, marketing, promoting, selling, or otherwise using in

commerce the Raptor Shoe and/or the D-MAK Shoe, preliminarily and permanently, pursuant to the allowances of Section 1116(a) of Title 15 of the United States Code; and (v) afford such other and further relief as may be just and proper.

**Count II – Violation of 15 U.S.C. § 1125**

23. Otomix repeats and reallages each of the foregoing paragraphs of this Complaint as thought fully set forth herein.

24. The Otomix Shoes are a famous mark, as that term is used in Section 1125(c)(1) of Title 15 of the United States Code, in light of their prominence in the “mat sports” industry and the general regard for quality associated with them.

25. The Defendant’s use of the Raptor Shoe and D-MAK Shoe are likely to cause dilution or blurring of Otomix’s famous mark, as people will no longer exclusively associate the cross-stitching and wrap-around sole with Otomix and the quality standards promulgated by Otomix.

26. The Otomix Shoes are distinctive in nature, with their cross-stitching and wrap-around soles distinguishing them from all other athletic footwear and being synonymous with the Otomix brand.

27. The Defendant has used the Raptor Shoe and the D-MAK Shoe in commerce, as set forth *supra*.

28. The Defendant’s use of the Raptor Shoe and the D-MAK Shoe is likely to cause confusion, mistake or deception, as the subject footwear bears the hallmarks of the Otomix Shoe for which the Otomix Shoe is widely known.

WHEREFORE, Otomix Inc. respectfully prays this Honorable Court (i) enter judgment against the Defendant, and in favor of Otomix Inc., in an amount equal to all monies paid to the

Defendant for his use, marketing, sale and/or promotion of the D-MAK Shoes and Raptor Shoes, pursuant to the allowances of Section 1117(a) of Title 15 of the United States Code; (ii) enter judgment against the Defendant, and in favor of Otomix Inc., in a sum equal to all damages suffered by Otomix Inc. on account of the Defendant's conduct, including lost sales, pursuant to the allowances of Section 1117(a) of Title 15 of the United States Code; (iii) enter judgment against the Defendant, and in favor of Otomix Inc., in an amount equal to the reasonable attorneys' fees and suit costs incurred by Otomix Inc. in connection with this action, pursuant to the allowances of Section 1117(a) of Title 15 of the United States Code; (iv) enjoin the Defendant from wearing, marketing, promoting, selling, or otherwise using in commerce the Raptor Shoe and/or the D-MAK Shoe, preliminarily and permanently, pursuant to the allowances of Section 1116(a) of Title 15 of the United States Code; and (v) afford such other and further relief as may be just and proper.

Dated: June 5, 2017

By: /s/ Maurice B. VerStandig

Maurice B. VerStandig, Esq.
Florida Bar No. 76723
The VerStandig Law Firm, LLC
12505 Park Potomac Avenue
Sixth Floor
Potomac, Maryland 20854
Phone: (301)444-4600
Electronic Mail: mac@mbvesq.com
*Counsel to Otomix Inc.*